IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAN PAUSTIAN,

    Plaintiff,

v.

BELT POWER, LLC,

    Defendant.

Case No. 2:23-CV-02015-JAR-ADM

## MEMORANDUM AND ORDER

Plaintiff Dan Paustian brought this case against his former employer, Defendant Belt Power, LLC, alleging violations of the Age Discrimination in Employment Act ("ADEA"). This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Claim for Compensatory Damages (Doc. 17). The motion is fully briefed,[1] and the Court is prepared to rule. For the reasons set forth below, the Court grants Defendant's motion to dismiss.

**II.**    **Background**

The following facts are alleged in the First Amended Complaint[2] and assumed to be true for purposes of deciding this motion.

Plaintiff is a 73-year-old man who was employed as the General Manager of the Lenexa, Kansas Sun Belt facility. Sun Belt was acquired by Defendant in 2017. Soon after the acquisition, Defendant was demoted from General Manager to a salesman, and his salary was cut in half. Despite receiving positive performance reviews in this new position, over the next few years Defendant took away multiple sales accounts from Plaintiff, thereby further reducing his

---

[1] Defendant did not file a reply brief in support of its motion to dismiss, and the time to do so has expired. Therefore, the Court deems the motion ripe for decision.

[2] Doc. 9.

salary, and also placed him on a Performance Improvement Plan. Eventually, Plaintiff was told that he was being forced out of his employment with Defendant. Thereafter, Defendant ceased all communication with Plaintiff. As a result, Plaintiff was constructively discharged in April 2022.

On April 13, 2022, Plaintiff dually filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission ("KHRC"), alleging discrimination and retaliation based on his age. On October 18, 2022, the EEOC issued a Notice of Right to Sue to Plaintiff, who in turn initiated this lawsuit on January 13, 2023. Plaintiff's original Complaint asserted claims for both punitive damages and compensatory damages.[3] Defendant filed an Answer to Plaintiff's initial Complaint on April 28, 2023, but did not raise any defenses against Plaintiff's damage claims.[4] However, the parties informally communicated regarding these requests for damages and, as a result, Plaintiff filed the First Amended Complaint on June 14, 2023, dropping the claims for punitive damages, but maintaining the claims for compensatory damages. Defendant filed an answer to Plaintiff's First Amended Complaint on June 23, 2023, but again did not raise defenses to Plaintiff's request for compensatory damages.[5]

## II.     Legal Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative

---

[3] Doc. 1.

[4] Doc. 6.

[5] Doc. 10.

2

level"[6] and must include "enough facts to state a claim for relief that is plausible on its face."[7] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[8]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[9]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[10]  Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[11]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[12]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[13]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[14]  "A claim has facial plausibility when the plaintiff pleads factual content

---

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[7] *Id*. at 570.

[8] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[11] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[12] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[13] *Id*. at 678–79.

[14] *Id*. at 679.

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

Plaintiff argues that Defendant's motion to dismiss is untimely under the Federal Rules of Civil Procedure. Plaintiff is partially correct. "A motion asserting [failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is allowed."[16] "However, because Rule 12(h)(2) permits the court to consider '[a] defense of failure to state a claim upon which relief can be granted' within a Rule 12(c) motion for judgment on the pleadings, the court may treat a Rule 12(b)(6) motion as if it had been submitted under Rule 12(c)."[17] The Court uses the same standard that governs a Rule 12(b)(6) motion to review a Rule 12(c) motion.[18] Therefore, the Court will treat Defendant's motion as if it were filed under Rule 12(c).

### III. Discussion

Defendant moves to dismiss Plaintiff's claims for compensatory damages on the basis that such damages are not recoverable for alleged violations of the ADEA, citing cases from both the Tenth Circuit and the District of Kansas in support of its position. Plaintiff, on the other hand, cites out-of-circuit cases for the proposition that "compensatory damages are recoverable under the ADEA."[19] The Court is persuaded by the binding cases Defendant cites. Regardless of how other out-of-circuit courts have ruled, this Court is bound by the rulings of the Tenth

---

[15] *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

[16] Fed. R. Civ. P. 12(b); *see also Nicks v. Brewer*, No. 10-cv-1220-JAR-JPO, 2010 WL 4868172, at *2 (D. Kan. Nov. 23, 2010) ("Technically, it is impermissible to file an answer and thereafter file a Rule 12(b)(6) motion to dismiss.").

[17] *Nicks*, 2010 WL 4868172, at *2.

[18] *Id*.

[19] Doc. 24 at 3.

4

Circuit which has made clear that the ADEA does not permit recovery of compensatory damages for discrimination claims.[20] And while Plaintiff attempts to differentiate his ADEA retaliation claims from his ADEA discrimination claims, arguing that compensatory damages are recoverable for the former even if not for the latter, persuasive authority has found no difference between the two types of claims for purposes of deciding this issue. Indeed, in *Marshall v. BNSF Ry.*, after reviewing decisions from the Seventh and Fifth Circuits on this issue, Judge Lungstrum predicted that the Tenth Circuit, if faced with the question of whether compensatory damages were recoverable for ADEA retaliation claims, would decline to permit such damages.[21] Therefore, the Court is satisfied that compensatory damages are not recoverable in this case for Plaintiff's ADEA discrimination claims or his ADEA retaliation claims, and grants Defendant's motion for judgment on the pleadings.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss Plaintiff's Claim for Compensatory Damages (Doc. 17) is **granted**.

**IT IS SO ORDERED.**

Dated: August 28, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[20] *See, e.g., Ridgell-Boltz v. Colvin*, 565 F. App'x 680, 683 (10th Cir. 2014) (holding that "the ADEA provides for legal and equitable relief, including reinstatement, back-pay, and other pecuniary benefits associated with the job, but it does not permit the recovery of compensatory damages."); *Villescas v. Abraham*, 311 F.3d 1253, 1259 (10th Cir. 2002) (noting that it is well established in the Tenth Circuit that damages for emotional distress are not available under the ADEA).

[21] No. 18-cv-2385, 2020 WL 128054 at *4 (D. Kan. Jan. 10, 2020).